**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TIMOTHY A. VAIL,**

     **Plaintiff,**

  v.

**JAMES O'GORMAN et al.,**

     **Defendants.**
_____

    **9:19-cv-34**
    **(GLS/ML)**

## SUMMARY ORDER

  On June 15, 2020, Magistrate Judge Miroslav Lovric issued a Report-Recommendation and Order (R&R), which recommends that defendants James O'Gorman's, Joseph Bellnier's, Joseph Smith's, Louis Pingotti's, Erie Bell's, Gerald Gardner's, Anita Tomlin's, and Scott Kelly's motion to dismiss, (Dkt. No. 28), be granted as to plaintiff *pro se* Timothy A. Vail's Fourteenth Amendment due process claims, and denied as to Vail's First Amendment retaliation claims. (Dkt. No. 32.) Pending are Vail's objections to the R&R, (Dkt. No. 36), and defendants' objections to the R&R, (Dkt. No. 37).

  Only specific objections warrant de novo review. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at *3-5 (N.D.N.Y. Jan. 18, 2006). Objections that are general, conclusory,

frivolous, or a mere reiteration of an argument already made to the Magistrate Judge trigger only clear error review. *See id.* at *4-5.

   1.   *Vail's Objections*

Only two of Vail's arguments are arguably specific objections, for which the court has conducted de novo review. *See id.* at *3-4. First, Vail contends that "no reviews took place for approximately [one and a half] years," and that Judge Lovric "incorrectly point[ed] to" three administrative segregation ("Ad. Seg.") reviews of Vail's Ad. Seg. status that took place in September 2016, November 2016 and January 2017. (Dkt. No. 36 at 3-6.) This allegation is belied by the allegations in Vail's complaint and the exhibits annexed thereto, which show that sixteen Ad. Seg. reviews were conducted between May 2014 through January 2017, (Dkt. No. 1, Attach. 1 at 15, 32; *Id.*, Attach. 2 at 25-26, 33, 44, 50, 55, 61, 64, 67, 70, 89, 101; Dkt. No. 3 at 1), including "reviews that were initiated by the facility review committee [i]n Sept[ember] and Nov[ember] 2016, as well as Jan[uary] 2017," (Dkt. No. 1, Attach. 2 at 89). Next, Vail contends that Judge Lovric erred in finding that Vail was meaningfully involved in the review process. (Dkt. No. 36 at 7-9.) This argument is rejected for precisely the reasons articulated in the R&R, which need not be rehashed here.

2

Vail's remaining arguments—which comprise the vast majority of his objections—are "general, conclusory, perfunctory, [and] a mere reiteration of . . . argument[s] [already] made," which triggers review only for clear error.  *Rahman v. Fischer*, No. 9:10-cv-1496, 2014 WL 688980, at *1 (N.D.N.Y. Feb. 20, 2014) (collecting cases).  Having carefully considered the R&R in light of Vail's objection, the court finds no clear error in Judge Lovric's thorough analysis, which squarely addresses Vail's arguments and provides multiple, appropriate reasons for granting defendants' motion to dismiss Vail's Fourteenth Amendment due process claims.  (Dkt. No. 32 at 12-24.)

  2. *Defendants' Objections*

Defendants argue that Judge Lovric erred in declining to consider a 2015 *New York Daily News* article titled "Last man to escape New York prison is rooting for fugitives, says they have to be patient," because, according to defendants, "the article was incorporated by reference in [Vail's] complaint and exhibits thereto."  (Dkt. No. 37 at 2-3.)  Defendants also argue that the "newspaper article constitutes a matter of which judicial notice may be taken, even in the absence of a request for judicial notice."  (*Id.* at 3.)  Having carefully considered the R&R in light of defendants'

3

specific objection, the court reaches the same conclusion regarding this issue as that articulated in the R&R in conducting de novo review, and sees no reason to repeat what is explained there. (Dkt. No. 32 at 27-29.)

The remainder of defendants' objections rehash arguments presented to, and rejected by, Judge Lovric. (*Compare* Dkt. No. 37 at 4-6 *with* Dkt. No. 28, Attach. 1 at 17-19.) Objections of this variety are general and warrant review for clear error only. *See Almonte*, 2006 WL 149049, at *4 (explaining that resubmitting the same arguments previously made "fails to comply with the specificity requirement"). The court has reviewed the R&R as it relates to these objections and finds it free from clear error. Accordingly, the R&R is adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 32) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 28) is **GRANTED IN PART AND DENIED IN PART** as follows:

**GRANTED** as to Vail's Fourteenth Amendment due process claims; and

**DENIED** in all other respects; and it is further

4

**ORDERED** that the parties contact Magistrate Judge Lovric to schedule further proceedings; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

September 25, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge